IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>VANESSA NAVARRO BETANCOURT<br><br>Debtor | CASE NO.   17-07289 (ESL)<br><br>CHAPTER 7 |
| JOSE A. LUGO ALEJANDRO AND ELSA PEREZ RAMIREZ<br><br>Plaintiff(s)<br><br>vs.<br><br>VANESSA NAVARRO BETANCOURT<br><br>Defendant(s) | ADV. PROC. NO.  20-0021 (ESL) |

OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed by the debtor/defendant alleging that the court "lacks jurisdiction to entertain the complaint for it being time barred pursuant 11 U.S.C. § 727(e)(1) and/or (e)(2)." Plaintiffs have opposed the motion alleging that the complaint does not seek to collect a debt nor the revocation of the discharge order under 11 U.S.C. §727(d), but "[t]he modification of the discharge injunction has become necessary, and was requested by the local court, to continue proceedings seeking Defendant's compliance with the mitigation work mandated in the state court judgment." Plaintiffs seek the "modification of the discharge injunction pursuant to 11 U.S.C. §727(b), invoking this Court's power in equity to enter orders to prevent an abuse of process pursuant to 11 U.S.C. §105(a)."

The relevant sequence of events affecting the issue now before the court are summarized herein.  The debtor filed a voluntary chapter 7 petition on December 14, 2017.  The debtor included Mr. José A. Lugo Alejandro in the schedules as an unsecured creditor for the amounts of $33,147.50, $5,000.00 and $2,500.00, all arising from a state court judgment. The 341 meeting of creditors was held on January 10, 2018.  The discharge order was entered on March 16, 2018.

-1-

The chapter 7 trustee filed a report of no distribution on May 28, 2018 and on July 3, 2018, the bankruptcy case was closed. On February 10, 2020 plaintiffs moved to reopen the bankruptcy case. The request was granted. On the same date, February 10, 2020, plaintiffs filed the present adversary proceeding requesting the court to "modify" the discharge order to allow the state court proceedings to continue to enforce the mitigation procedures on an impacted hillside to avoid soil deterioration which threatens the structural integrity of plaintiffs' residence.

This court has jurisdiction over the instant case pursuant to 28 U.S.C. §157(a)(b)(1) & (2), 28 U.S.C. §157(b)(2)(A)(B), (J) and §1334. Venue is proper pursuant to 28 U.S.C. §1408 and §1409.

Section 727(b) of the Bankruptcy Code, 11 U.S.C. §727(b), provides that a discharge order "discharges the debtor from all debts that arose before the date of the order for relief." Section 727(d) sets forth the grounds for the revocation of a discharge order; these are: (1) the debtor obtained the discharge through fraud and the creditor did not know of such fraud until after the discharge order was entered; (2) the debtor knowingly and fraudulently failed to report property; (3) the debtor has refused to answer a lawful order of the court, other than on the ground of self-incrimination; or (4) the debtor has failed to explain satisfactorily a material misstatement or make available documents to a U. S. Trustee auditor.

Section 727(e) provides the time limitations within which a request for revocation of discharge must be filed, that is, one year after the discharge was granted if the action is based on section 727(d)(1), and one year before the later of the date the discharge order was entered or the date the case was closed, if the action is premised on section 727(d)(2 or 3). Clearly, the present action was filed after one year after the entry of the discharge order and after the case was closed.

Even though plaintiffs have stated that the complaint does not seek to collect on a prepetition debt or the revocation of the discharge order, but the modification of the discharge order based on equitable principles, the court will address the time limitations to file an action for the revocation of a discharge order. There is no statutory or procedural provision which addresses the right to "modify" a discharge order. The "only action that a party may take once a discharge

has been entered is revocation of discharge" under 11 U.S.C. §727(d). In re Castle, 289 B.R. 882, 887 (Bankr. E.D. Tenn. 2003). The equity provisions under section 105(a) to issue orders necessary or appropriate to carry the provisions of the Bankruptcy Code may not be used to "override explicit mandates of other sections of the Bankruptcy Code." Law v. Siegel, 571 U.S. 415 at 421, 134 S.Ct. 1188, 188 L.Ed. 146 (2014); In re Reyes-Colón, 922 F.3d 13, 22 (1st Cir. 2019). Therefore, the statutory time limitations for the revocation of a discharge order are dispositive and the bankruptcy court may not alter the same on equity principles under section 105(a).

"The commencement of an action seeking the revocation of a discharge is subject to strict time limitations." In re Belice, 2011 WL 4572003 (1st Cir. BAP 2011). The time limitations in section 727(e) are jurisdictional. In re Andersen, 476 B.R. 668, 673, (1st Cir. BAP 2012). The discharge deadline is statutory, not under the Federal Rules of Bankruptcy Procedure, and aims to provide a "discharge with a high degree of finality." In re Defusco, 500 B.R. 664, 667 – 668 (Bankr. D. Mass. 2013). The action was filed after the one-year limitations in section 727(e).

In view of the foregoing, the court concludes that the complaint is time barred and must be dismissed. The court is not passing judgment on the merits of the complaint or if the pending matter before the Superior Court of Caguas, Puerto Rico, that is, the mitigation work, is subject to the discharge injunction to the extent that it is not a collection action of a discharged prepetition debt.

Judgment dismissing the case shall be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of May 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-3-